IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLENE EIKE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-1141-DRH-DGW |
| | ) | |
| ALLERGAN, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On August 20, 2013, this Court held a hearing on a discovery dispute involving Defendants' responses to Plaintiffs' Requests to Produce and Interrogatories.  Prior to the hearing, Plaintiffs' counsel provided the Court with a list of disputes:

1.  Defendants' objections to producing internal documents and their intention to produce only documents exchanged with the FDA. This issue applies to Requests 6, 8-10, 15-19, 27-29.

2.  Objections to requests for documents and interrogatories related to scientific studies. Requests 30-38; Interrogatories 16-18, 20-23. (Note: Interrogatories 20-23 pertain only to Allergan; this issue also relates to Interrogatory 20 directed to Alcon and Interrogatory 20 directed to Merck.)

3.  Objections to producing documents other than those that mention the drugs plaintiffs took, rather than all subject medications alleged in the First Amended Complaint. Requests 6, 8-10, 15-29, 55-62.

4.  Objections to requests related to pricing. Requests 13, 14.

5.  Objections to requests for documents related to communications with other defendants regarding drop size. Requests 39-40.

6. Objections to requests for documents related to complaints from consumers outside Missouri or Illinois or related to investigations of these or similar complaints from any states. Requests 41-48.

7. In addition, Defense counsel has asked me to mention that they plan to raise their request to take depositions of Plaintiffs' eye doctors, to which Plaintiffs object on the ground that the doctors' testimony is irrelevant to class certification.

Plaintiffs also provided the Allergan Defendant's, Merck's, and Alcon's discovery responses as exemplars of the responses of all Defendants.   During the hearing, it became clear that a step-by-step approach to discovery would be beneficial and economical and would reduce conflicts between the parties.    To that end, the following is hereby **ORDERED**:

1. Within seven (7) days of entry of the proposed Protective Order submitted by the parties, Defendants **SHALL** begin to serve upon Plaintiffs the New Drug Application (NDA) files that were submitted to the U.S. Food and Drug Administration (FDA) with respect to each drug purchased by the named Plaintiffs. Plaintiffs may review these files and then determine what other discovery they require.

2. By August 30, 2013, the attorneys for the parties[1] shall meet and confer in order to inform Plaintiffs of the types and categories of information that are available, and their location and format, that would be responsive to their discovery requests.   Defendants shall provide Plaintiff with information on the availability/location/format of files, studies, memos, notes, documents, and any other such recorded information related to the eye dropper sizes of the medications purchased by Plaintiffs (there are approximately 13 such medications) during the

---

[1] Plaintiffs' attorneys may confer with the attorneys for each Defendant individually.

relevant time period.   Such information shall also include "generic" files/documents on eye dropper size that are not specifically tied to a particular medication, in addition to sales/manufacture/distribution information.

If the attorneys are unaware of the nature, depth, breadth, or location of information responsive to Plaintiffs' discovery requests they **SHALL** make available a representative who has such knowledge for a deposition that will not exceed 1 hour and that will be conducted expeditiously.

If there are any disputes regarding the above strategy, the Parties may contact the Court for a telephonic (or in person) conference/hearing.

3.   At this stage of the litigation, Plaintiffs are not entitled to "pricing" discovery as outlined at the hearing because such information is irrelevant.

4.   At this stage of the litigation, Plaintiffs are also not entitled to receive information on complaints made, regarding the eye dropper size, in states other than Illinois and Missouri.   Such information is irrelevant to class certification.


**IT IS SO ORDERED.**

**DATED: August 21, 2013**


                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**