IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLENE EIKE, SHIRLEY FISHER,
JORDAN PITLER and ALAN RAYMOND,

    Plaintiffs,

vs.

ALLERGAN, INC., *et al.*,

    Defendants.

Case No. 12-cv-1141-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Reconsideration or in the Alternative for Certification of Issues for Interlocutory Appeal (Doc. 149). Plaintiffs have filed their response (Doc. 165). For the following reasons, the Court denies the Motion.

**Background**

Plaintiffs' First Amended Complaint alleges Defendants' practices of selling topical prescription ophthalmic pharmaceuticals are unfair, unethical and unconscionable and violate the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA") and the Missouri Merchandising Practices Act, Mo. Rev. State. § 407.010, *et seq.* ("MMPA"). Specifically, Plaintiffs allege the following nine counts: Count I – ICFA Violations of Allergan; Count II – MMPA Violations of Allergan; Count III – ICFA Violations of Alcon; Count IV – MMPA Violations of Alcon; Count V – ICFA Violations of Bausch; Count VI – MMPA Violations of Bausch; Count VII – MMPA Violations of Pfizer; Count VIII – ICFA Violations of Merck; and Count IX – ICFA Violations of Prasco.

Defendants filed their Motions to Dismiss Plaintiffs' First Amended Complaint raising the following arguments: (1) Plaintiffs failed to allege sufficient facts to establish that the sale of medications that emit eye drops larger than 15 microliters violates any public policy, is coercive or oppressive, or causes substantial injury to Plaintiffs and thus failed to state claims under the ICFA and MMPA; (2) Plaintiffs have failed to plead a causal connection between Defendants' conduct and Plaintiffs' alleged damages; (3) Plaintiffs failed to allege any actual injury; (4) Plaintiffs have not satisfied federal pleading requirements under Rule 8(a); (5) Plaintiffs' claims are exempted for compliance with other laws or regulations; and (6) the claims are preempted by federal law.  This Court denied the motions in their entirety (Doc. 147).  Defendants now ask the Court to reconsider the portion of the order finding that Plaintiffs had stated an unfair practice as required by both the ICFA and the MMPA.  In the alternative, they seek an order pursuant to 28 U.S.C. § 1292(b) certifying three issues for interlocutory appeal.

## Motion for Reconsideration

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes

reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The relevant portion of the Court's order states as follows:

> The Court finds that plaintiffs have sufficiently alleged an unfair practice under both the ICFA and the MMPA. The complaint clearly alleges that defendants sell their products in containers "designed to dispense eye drops larger than the capacity of the human eye" (Doc. 44 at 36, 38). They further allege that this practice violates the public policy of both Missouri and Illinois as expressed by the Federal Trade Commission's Policy Statement on Unfairness. Both the ICFA and the MMPA accept the interpretations of the Federal Trade Commission as evidencing offense of a public policy, herein relied upon by plaintiffs in their complaint. 815 ILCS 505/2; Mo. Code Regs. Tit. 15, § 60-8.020. Plaintiffs further allege that defendants' violations caused plaintiffs and class members "to suffer actual damage measured by the allocated purchase price for the portion of their eye drops in excess of 15 μL" (Doc. 44 at 37, 39).

(Doc. 147, p. 6).

Defendants argue that the Court should reconsider this portion of its Order based on a change in the law. Specifically, they contend that the Seventh Circuit's opinion in *Batson v. Live Nation Entertainment, Inc.*, 746 F.3d 827 (7th Cir. 2014), decided only a week after this Court issued its order, confirms that Plaintiffs' ICFA and MMPA claims fail as a matter of law. In *Batson*, the plaintiff alleged the defendants' conduct was unfair and violated the ICFA when the defendants bundled a $9 parking fee with the price of the plaintiff's ticket to a live performance. *Id*. at 829. The court noted that Illinois recognized the *Sperry* test which, in determining whether a practice is unfair, asks "whether the practice (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers." *Id*. at 830 (citing *Fed. Trade Comm'n v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972). The Court further noted that not all three factors need be present to find a practice unfair and proceeded to determine whether the plaintiff could satisfy at least one of these elements. *Id*.

3

The *Batson* court rejected the plaintiff's arguments that the defendants' practice violates a public policy against tying, a public policy in favor of musical diversity, and a public policy in favor of using alternative methods of transportation. *Id*. at 830-33. Specifically, the court found no policy against "undifferentiated tying" under federal or Illinois law. *Id*. at 832. The court rejected the musical diversity and walking arguments noting that the ICFA was only "concerned with public policy as established by statutes and the common law." *Id*. at 833.

Next, the *Batson* court considered whether the defendant's practice was immoral, unethical, oppressive, or unscrupulous, noting that the appropriate inquiry was "whether a defendant's conduct is 'so oppressive as to leave the consumer with little alternative except to submit to it . . . .'" *Id*. (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (Ill. 2002)). The plaintiff, however, did not provide evidence that the full price of the ticket was oppressive and there was "no evidence that the concert was worth any less than the face price of the ticket." *Id*. at 833-34. Finally, the court found no substantial injury to consumers because plaintiff could have avoided the injury by foregoing the concert or opting for alternative entertainment. *Id*. at 834.

*Batson* does not represent any change in law warranting a reconsideration of this Court's previous Order. It merely applies existing principles, the same factors used in the Order denying Defendants' motions to dismiss, in the context of a ticket price bundled with a parking fee. For that reason, the Court denies Defendants' Motion to Reconsider.

Even if the Court did apply *Batson*'s reasoning to the instant case, the Court would still conclude that Plaintiffs' Complaint states a claim for relief under both the ICFA and MMPA. *Batson*'s holding has no bearing over the MMPA claim. As *Batson* noted, the Court need only find one of the *Sperry* factors present to conclude Plaintiffs have stated a claim. Here, unlike

4

*Batson*, Plaintiffs' have satisfied at least the third *Sperry* factor. Plaintiffs have pleaded that the size of the large size of the drop would cause them to use the prescribed amount before the insurance would cover a new prescription. As such, Plaintiffs suffered injury in that they would have to forego a necessary medication. As alleged, there are no countervailing benefits to consumers or competition. Finally, unlike a concert, Plaintiffs cannot simply forego a prescribed medication. As such, Plaintiffs have sufficiently alleged that Defendants' conduct constitutes an unfair practice under the ICFA.

### Motion for Certification for Interlocutory Appeal

Defendants ask that the Court certify the following three issues for interlocutory appeal:

(1) Whether a plaintiff states a viable unfair practices claim under the [ICFA] or the [MMPA] by alleging that an FDA-approved product would cost the plaintiff less if it were redesigned;

(2) Whether the sale of an FDA-approved prescription is exempted from liability under 815 ILCS 505/10b(1) because it is specifically authorized by laws administered by a regulatory body acting under statutory authority of the United States; and

(3) Whether state-law claims that seek to impose liability on pharmaceutical manufacturers or distributors for not redesigning their FDA-approved prescription medication are preempted by federal law pursuant to *Mutual Pharmaceuticals Co. v. Bartlett*, 133 S. Ct. 2466 (2013), and *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).

The Court of Appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs.*

*of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). The party seeking an interlocutory appeal bears the burden of demonstrating "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

A "question of law" within the meaning of section 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. For instance, in considering the interlocutory appeal of a denial of summary judgment, the court explained that such a denial was technically a question of law; however, it was not a "question of law" within section 1292(b). *Id*. Similarly, while contract interpretation is technically a question of law, it is not a "question of law" within the meaning of section 1292(b). *Id*. The court explained that:

> [t]he idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case. . . . But to decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there; and to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract . . . .

*Id*. at 676-77.

Here, Question (1) does not present a pure question of law within the meaning of section 1292(b). Rather, Question (1) involves applying specific facts pleaded in Plaintiffs' Complaint to legal standards applicable under the ICFA and MMPA. As such, Question (1) is not suitable for certification for an interlocutory appeal. Question (2), as stated by the Defendants, does present a question of law. However, upon examination, the relevant portion of the Court's Order denying Defendants' Motion to Dismiss is not suitable for appeal. Defendants' argument related to Question (2) was rejected because statutory exemption is an affirmative defense that was not

properly before the Court on a Rule 12(b)(6) motion.  Accordingly, the Court did not reach the substance of Defendants' argument because it was not presented in the proper manner.  Question (3) is not suitable for appeal at this juncture either.  The Court denied Defendants' Motions to Dismiss on the preemption issue noting that questions of fact still need to be determined and the record further developed before the Court could decide the preemption issue.  As such, Question (3) is not a question that the Court of Appeals "could decide quickly and cleanly."    In sum, the Order denying Defendants' Motions to Dismiss is not suitable for certification for interlocutory appeal.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Reconsideration or in the Alternative for Certification of Issues for Interlocutory Appeal (Doc. 149) in its entirety.

**DATED:**  February 12, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
