

1010 Market Street, Suite 1720
St. Louis, Missouri 63101
Office: 314-241-5799 | Fax: 314-241-5788
rcornfeld@cornfeldlegal.com | www.cornfeldlegal.com

December 10, 2015

**VIA ELECTRONIC FILING**

Clerk of the Court
United States District Court for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, Illinois 62201

> Re:  *Eike, et al. v. Allergan, Inc., et al.*, Case No. 3:12-cv-01141-DRH-DGW **Plaintiffs' Supplemental Letter Brief**

Dear Clerk:

Plaintiffs submit this letter brief in support of Plaintiffs' Motion for Class Certification, Doc. 175, to bring to the Court's attention three recent Seventh Circuit decisions, *McMahon v. LVNV Funding, LLC*, 2015 WL 8119786 (7th Cir. Dec. 8, 2015), *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360 (7th Cir. 2015), and *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015).

In *McMahon*, the court reversed a denial of class certification that had been based on "the need for individual damages determinations." 2015 WL 8119786 at *2. The court ruled that the district court had "exceeded the bounds of its discretion when it denied class certification." *Id.* Similarly, in *Bell* the court ruled that "[t]he fact that the plaintiffs might require individualized relief or not share all questions in common does not preclude certification of a class." 800 F.3d at 379. It affirmed class certification although all class members may not have been affected by the overtime policy at issue.

These decisions support Plaintiffs' position on the predominance requirement and refute Defendants'. *See* Brief in Support of Plaintiffs' Motion for Class Certification, Doc. 176, at 29 ("where there are common issues regarding liability, class certification is appropriate despite individual issues of causation and damages"); Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Defendants' Opposition") (arguing that class certification should be denied because "[i]ndividual issues will predominate in determining damages."), Doc. 186, at 25; Reply Brief in Support of Plaintiffs' Motion for Class Certification ("Reply Brief"), Doc. 194, at 9, n. 11.

In *Mullins*, the court rejected the holding on ascertainability in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013). Defendants relied on *Carrera* in complaining that Plaintiffs "propose[d] no method to ascertain class membership." Defendants' Opposition at 44. But in *Mullins*, the court

December 10, 2015
Page 2

rejected the requirement "that plaintiffs prove, at the class certification stage, that there is a ... feasible way to identify" class members. 795 F.3d at 657. *Mullins* simply requires that "[class] membership be defined by objective criteria ...." 795 F.3d at 657. Plaintiffs' class definition meets this requirement. *See* Reply Brief at 17.

Sincerely,

LAW OFFICE OF RICHARD S. CORNFELD

*/s/ Richard S. Cornfeld*
Richard S. Cornfeld

cc:    All Counsel of Record (via electronic filing)