# EXHIBIT A

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California  90071

| | | |
|---|---|---|
| Robyn E. Bladow | | |
| To Call Writer Directly: | (213) 680-8400 | Facsimile: |
| (213) 680-8634 | | (213) 680-8500 |
| robyn.bladow@kirkland.com | www.kirkland.com | |

December 18, 2015

**<u>Via Electronic Filing</u>**

Clerk of the Court
United States District Court
for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

     Re:  *Eike, et al. v. Allergan, Inc., et al.*, Case No. 3:12-cv-01141-DRH-DGW

Dear Clerk:

   *McMahon v. LVNV Funding, LLC*, No. 15-8018, __ F.3d __, 2015 WL 8119786 (7th Cir. Dec. 8, 2015) and *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360 (7th Cir. 2015) stand for the proposition that a class may be certified where class members' damages are not "identical," so long as damages can be readily determined in individual hearings.  But Defendants already acknowledged in their Opposition that this is the applicable standard.  *See* Doc. 186 at 28 (citing *Butler*).  *McMahon* and *Bell* are just examples of the Seventh Circuit applying it.  *See McMahon*, 2015 WL 8119786, at *3 (denial of class certification inappropriate where damages were "capable of ministerial determination"); *Bell,* 800 F.3d at 379-80 (affirming certification of employee class not paid overtime wages for hours worked in excess of 40 hours/week).

   Those cases are far different from this one.  This Court cannot manageably resolve damages issues in individual hearings later.  Indeed, the alleged "damages" are so variable that Plaintiffs themselves have conceded measuring them for all class members would be "impossible," and their own expert has conceded that he cannot accurately measure damages ***even for the named Plaintiffs***.  Doc. 176 at 27-32.  With no proper way to readily determine damages in individual hearings, controlling authority holds that class certification is inappropriate.  *See, e.g., Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 776 (7th Cir. 2013) (decertifying class where there was "no way" to calculate individual damages).

   Plaintiffs also submit *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015). While *Mullins* rejects the reasoning of Third Circuit case law Defendants cited in Section IV.G of their Opposition, it also reaffirms that courts must "consider the likely difficulties in managing a class action" at the certification stage, and that "[i]f faced with what appear to be unusually difficult manageability problems at the certification stage, district courts have discretion to insist

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Chicago | Hong Kong | London | Munich | New York | Palo Alto | San Francisco | Shanghai | Washington, D.C. |

## KIRKLAND & ELLIS LLP

December 18, 2015
Page 2

on details of the plaintiff's plan for notifying the class and managing the action." *Id.* at 658, 664.
The manageability problems Defendants identified (*see* Doc. 186 at 43-45) are thus still a barrier
to certification under Seventh Circuit authority.

                                        Respectfully submitted,

                                        /s/ Robyn E. Bladow
                                        Robyn E. Bladow
                                        Shaun Paisley
                                        KIRKLAND & ELLIS LLP
                                        333 South Hope Street
                                        Los Angeles, CA  90071
                                        Telephone:    (213) 680-8400
                                        Facsimile:    (213) 680-8500

                                        *Counsel for Pfizer Inc.*

  Cc:  All counsel of record (by ECF)

Chicago     Hong Kong     London     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

Exhibit A
Page 2