# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

CHARLENE EIKE, *et al.*, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

ALLERGAN, INC., et al.,

        Defendants.

Cause No. 3:12-cv-01141-DRH-DGW

## DEFENDANT SANDOZ INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO SANDOZ INC.

Defendant Sandoz Inc. (hereinafter "Sandoz"), pursuant to Federal Rules of Civil Procedure, hereby responds and objects to Plaintiffs' First Set of Interrogatories Directed to Sandoz Inc. as follows:

Sandoz states that it has not yet completed its investigation or analysis of matters relating to this case and has not yet completed discovery in preparation for class certification or trial. Consequently, any response shall be without prejudice to Sandoz' right to amend the responses at a later time or to produce any subsequently discovered, remembered, or located information.

Sandoz objects to any request, instruction, definition, or directive contained in Plaintiffs' Interrogatories to the extent that it purports to impose any obligations upon Sandoz beyond the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court and/or any other applicable rule.

## RESPONSES AND OBJECTIONS

1.      State the name, title, and present business address of each and every individual answering these interrogatories or assisted in supplying information using [sic] in answering these interrogatories.

**ANSWER:**

Sandoz states that these Interrogatory Responses have been prepared by its outside legal counsel in conjunction with Sandoz by and through its legal department.  Sandoz further refers Plaintiffs to those Sandoz witnesses identified in its Interrogatory Responses who may have responsive information.

2.      State the following:

a.      Defendant's exact corporate name;

b.      Defendant's state and date of incorporation; and

c.      Defendant's corporate purpose during all periods of Defendant's existence.

**ANSWER:**

With respect to (c), Sandoz objects to this interrogatory as vague and ambiguous in that the interrogatory does not define "Defendant's corporate purpose." Subpart (c) does not give Sandoz reasonable notice as to what it is requesting. *See Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004).

Subject to and without waiving these objections, Sandoz states:

(a)     Sandoz Inc.

(b)     Colorado; May 28, 1975 (as Cord Laboratories, Inc.)

2

(c)     The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Laws of the State of Colorado.

3.     State whether Defendant has done business under any other name for the past fifteen (15) years.  If so, for each, state:

a.     The name under which Defendant has done business;

b.     The type of business entity;

c.     The dates Defendant operated under each name; and

d.     The address of the principal place of business for each.

**ANSWER:**

Sandoz objects to this interrogatory as outside the bounds of Federal Rule of Civil Procedure 26 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g, Nexstar Broad., Inc. v. Granite Broad. Corp.*, 1:11-CV-249, 2011 WL 4345432 (N.D. Ind. Sept. 15, 2011) ("the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast, requiring district courts to carefully consider the potential discovery needed in complex cases"); *Thompson v. Jiffy Lube Int'l, Inc.*, 05-1203-WEB, 2006 WL 1174040 (D. Kan. May 1, 2006) (denying the plaintiff's request for "all documents and minutes from all meetings" where training, marketing, or customer complaints was discussed as too general and because it placed an undue burden on the defendant "to gather documents from (1) all levels of its company and (2) all locations where it does business").

Subject to and without waiving these objections, Sandoz states that on December 1, 2003, by amendment to the Articles of Incorporation, Geneva Pharmaceuticals, Inc. changed its name

3

to Sandoz Inc. Geneva Pharmaceuticals, Inc. had a principal place of business at 2555 West Midway Boulevard, Broomfield, CO 80020. Sandoz operated under Geneva Pharmaceuticals, Inc. from 1990 to 2003.

4.      State whether you are aware of any statements made by any of the Plaintiffs related to the matters mentioned in Plaintiffs' Complaint, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, or recording, or transcript thereof.  If your answer is in the affirmative, state the following for each statement:

      a.      The date, place, and time the statement was made;

      b.      Name and addresses of all persons connected with the taking of the statement;

      c.      Name and addresses of all persons present at the time the statement was taken;

      d.      Whether the statement was oral, written, shorthand, recorded, taped, etc.;

      e.      Whether the statement was signed; and

      f.      Name and addresses of persons or organizations under whose direction and upon whose behalf it was taken or made.

Please attach an exact copy of the original statement, interview, report, film, or tape to your answers to these interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

Sandoz objects to this interrogatory on the grounds that it is vague and ambiguous in that it does not define the phrase "any statements made by any of the Plaintiffs." *See Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004).

4

Subject to and without waiving these objections, Sandoz construes "statements" to mean formal statements under oath. Sandoz is not aware of any formal statements under oath made by any of the Plaintiffs related to the matters mentioned in the First Amended Complaint ("FAC").

5.      Identify all persons having knowledge or believed to have knowledge of the truth of the facts and averments set forth in the most recent Complaint filed in this matter, including, but not limited, to any officers, directors, employees, or agents of Defendant. With respect to each person identified, state concisely the facts that person is aware of, when and how the facts were obtained, and identify any document evidencing said person's knowledge.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. The names of "all persons" with knowledge of the alleged "facts" in Plaintiffs' FAC at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton v. RCI, LLC*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18 (D.N.J. Apr. 1, 2013) (denying requests for defendant's confidential pricing information because "the information and material sought are not relevant to the issues pertaining to class certification, including Plaintiffs' damages methodology").

Sandoz further objects to this interrogatory on the grounds that it is vague and ambiguous in that it asks for all persons with knowledge of "the truth of the facts and averments set forth" in the FAC. *See Bruggeman*, 219 F.R.D. at 436. Plaintiffs' FAC consist of 197 paragraphs and contains mostly legal conclusions and unsupported allegations. There are very few, if any, "facts" set forth in Plaintiffs' FAC.

5

Sandoz further objects to this interrogatory as outside the bounds of Federal Rule of Civil Procedure 26 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, the FAC includes facts such as: "Prescription eye drops, also known as 'topical ophthalmic pharmaceuticals' constitute a multi-billion dollar industry in the United States" and "Defendants sell their prescription eye drop products as fluid in plastic bottles." Asking Sandoz to identify all persons with knowledge of these alleged facts is unduly burdensome, oppressive, irrelevant, and serves no legitimate purpose. *See, e.g, Nexstar*, 1:11-CV-249, 2011 WL 4345432; *Thompson*, 05-1203-WEB, 2006 WL 1174040. Sandoz asks that Plaintiffs revise this interrogatory to conform with the requirements of Federal Rule of Civil Procedure 26 and to allow Sandoz to provide a meaningful and relevant response.

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

6

Subject to and without waiving these objections, Sandoz identifies the following individuals likely have discoverable information that Sandoz may use to support its defenses or related to class certification:

Gregory Seitz

- Director, Regulatory Affairs, Sandoz Inc.

- Mr. Seitz may have information to support Sandoz' preemption and ICFA exemption defenses from a regulatory standpoint, as well as other information related to the FDA's regulation of the products at issue in Plaintiffs' First Amended Complaint that Sandoz distributes.

David Herrick

- Executive Director for Ophthalmic and Otic products, Sandoz Inc.

- Mr. Herrick may have information to support Sandoz' defense that as a generic distributor for the products at issue in Plaintiffs' First Amended Complaint that Sandoz distributes, it cannot make the changes to the container requested by Plaintiffs, as well as other information related to Sandoz' role as a generic distributor of these products.

Mr. Seitz and Mr. Herrick may only be contacted by counsel for Sandoz. Sandoz' investigation is ongoing, and Sandoz reserves the right to supplement this response as discovery proceeds.

6.    State whether any statements have been taken of the persons identified in Interrogatory 5. If so, state the following for each statement:

a.    The date, place, and time the statement was made;

b.    Name and addresses of all persons connected with the taking of the statement;

7

    c.      Name and addresses of all persons present at the time the statement was

            taken;

    d.      Whether the statement was oral, written, shorthand, recorded, taped, etc.;

    e.      Whether the statement was signed; and

    f.      Name and addresses of persons or organizations under whose direction

            and upon whose behalf it was taken or made.

Please attach an exact copy of the original statement, interview, report, film, or tape to your

answers to these interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:**

Sandoz incorporates its objections to Interrogatory No. 5 since this interrogatory builds

on Interrogatory No. 5.

Sandoz further objects to this interrogatory on the grounds that it is vague and ambiguous

in that it does not define the phrase "any statements." *See Bruggeman*, 219 F.R.D. at 436.

Sandoz further objects to this interrogatory as outside the bounds of Federal Rule of Civil

Procedure 26 because it is overly broad, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence in that it does not ask that the statements relate to

the matters at issue in this case. Rather, the interrogatory, as written, asks Sandoz to identify any

statements given by a class of individuals including statements completely unrelated to any

matter at issue in this case. *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, CIV.A.94-2304-

EEO, 1995 WL 526533 (D. Kan. Aug. 31, 1995) (sustaining the defendant's objections to the

plaintiff's discovery requests asking for all documents "relevant to," "concerning," which "refer

in any manner to," or are "related in any manner to," various broad categories of subject matter,

as overbroad and lacking in the required specificity—such terms require a party "to exercise

8

unnecessary time and effort to ponder, speculate, and decide to what extent it must rummage through documents to distinguish what is and what is not responsive.").

Sandoz further objects that this request seeks information that is subject to attorney-client privilege, common-interest privilege, and the work-product doctrine. Any oral or written statements made by the persons identified in response to Interrogatory No. 5 and Sandoz' counsel are privileged under the attorney-client privilege and work product doctrine. *See* Fed. R. Evid. 501-502; Fed. R. Civ. P. 26(b)(3)(A).

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Subject to and without waiving these objections, Sandoz construes "statements" to mean formal statements under oath. Sandoz is not aware of any formal statements under oath made by any of the individuals identified in response to Interrogatory No. 5 pertaining to the subject matter of this litigation.

9

7.      Identify any and all insuring and indemnity agreements that pertain to any potential liability Defendant may have in this action.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. Insurance and indemnity agreements at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton v. RCI, LLC*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18 (D.N.J. Apr. 1, 2013) (denying requests for defendant's confidential pricing information because "the information and material sought are not relevant to the issues pertaining to class certification, including Plaintiffs' damages methodology").

Subject to and without waiving said objections, Sandoz states that it is self-insured for Plaintiffs' claimed damages and any foreseeable award in this matter, and accordingly has no liability insurance policies to be identified that would be relevant to this case. Sandoz also refers Plaintiffs to the License, Distribution and Supply Agreement related to the subject products that will be produced upon entry of an appropriate protective order.

8.      List, by brand name (if applicable), generic name, bottle size, and years sold of all of the prescription eye drop medications you have sold during the damages period in multi-use bottles in Illinois or Missouri.

**ANSWER:**

Sandoz objects to this interrogatory on the grounds that it is vague and ambiguous in that it does not define the phrase "multi-use bottles." *See Bruggeman*, 219 F.R.D. at 436.

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in

10

that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Subject to and without waiving these objections, Sandoz states that the products distributed by Sandoz at issue in the FAC as listed in the attached chart, entitled "Response to Interrogatory No. 8," have been sold in the United States, including potentially Illinois and Missouri, since approximately October 1, 2011.

9.      Identify all persons whose names appear in documents responsive to Request for Production No. 1 who were involved in the marketing of the subject medications.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. Plaintiffs' Request for Production No. 1 asks for "Organizational charts indicating positions related in any way to the design, marketing, research, development, and/or regulation of the Subject Medications and their dispensers during the Damages Period." The names of all individuals within Sandoz that worked on the design, marketing, research, development, or regulation of the Subject Medications or the structure of these departments within Sandoz at best

11

go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz' response to other discovery requests disclose the names of individuals with knowledge of the matters at issue in this case potentially relevant for purposes of class certification discovery and Sandoz' initial defenses (*See* Sandoz' responses to Plaintiffs' Interrogatories No. 5, 13, 16, and Sandoz' Initial Disclosures).

Sandoz further objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that Request for Production No. 1 asks for organizational charts indicating positions "related in any way to" certain areas within Sandoz, and this interrogatory and the two subsequent interrogatories seek all persons from that group "involved in" the marketing, research, development, or design of the dispensers of the subject medications. This type of boilerplate overbroad language going well beyond the scope of class discovery and even beyond the scope of the merits of the case imposes an undue burden on the responding party. *Pulsecard*, CIV.A.94-2304-EEO, 1995 WL 526533; *Bruggeman*, 219 F.R.D. at 436 (finding plaintiff's request for "all documents that *reflect in any manner* noncompliance with the ADA or the RA" overly-broad and extremely vague).

10.    Identify all persons whose names appear in documents responsive to Request for Production No. 1 who were involved in the research and development of the subject medications.

**ANSWER:**

Sandoz refers Plaintiffs to its Answer to Interrogatory No. 9.

11.    Identify all persons whose names appear in documents responsive to Request for Production No. 1 who were involved in the design of the dispensers for the subject medications.

12

**ANSWER:**

Sandoz refers Plaintiffs to its Answer to Interrogatory No. 9.

12.     Identify all persons known to Defendant with knowledge of the drop sizes of the subject medications.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. The names of all individuals with knowledge of the drop sizes of the subject medications at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it asks Sandoz to identify all persons "with knowledge of the drop sizes of the subject medications" without any restrictions as to time or the type of knowledge. Having a list of all persons with knowledge of the drop size of a subject medication will not lead to the discovery of admissible evidence. *See, e.g., Coss v. Playtex Products, LLC*, 08 C 50222, 2009 WL 1455358, *4 (N.D. Ill. May 21, 2009) (finding plaintiff's request for "Any internal memorandum, studies, analyses, reports, white papers, summaries, projections, board minutes or board presentations prepared by you or on your behalf, or provided to you, reflecting or referring to performance problems of the bottles at issue arising from circular diaphragm vent caps" in a consumer fraud case was overly broad and unduly burdensome as calling for "an immense volume of documentation without specifying a relevant time period" and forcing the defendant "to endure undue burden and cost").

13

As written, any individual with knowledge of the drop size of any of the subject medications would be responsive to this request regardless of the extent of that knowledge, how the person obtained the knowledge, or whether they have any role or responsibility regarding researching, creating, or selecting the drop size. Answering this interrogatory would require Sandoz to interview every one of its employees.  Such inquiry is overbroad and unduly burdensome. *See, e.g., Thompson*, 05-1203-WEB, 2006 WL 1174040 (denying plaintiff's request for "all surveys, studies, and evaluations" regarding the defendant's operations as vague, overly broad, and unduly burdensome as requiring the defendant to poll hundreds of employees to gather a response).

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Subject to and without waiving said objections, for the purposes of discovery related to class certification, Sandoz refers Plaintiffs to the individuals identified in its Response to Interrogatory No. 5.

13.     Identify all persons known to Defendant with knowledge of whether it would be technologically or commercially feasible to manufacture and sell the subject medications in dispensers that emit drops that are 15 µL or less.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. The names of all individuals with knowledge of whether it would be technologically or commercially feasible to manufacture and sell the subject medications in dispensers that emit drops that are 15 µL or less at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications

15

not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Subject to and without waiving these objections, Sandoz states that it is not responsible for the manufacturing of the subject products or their dispensers. Further, Sandoz states that as a distributor of generic products only, Sandoz has no authority to unilaterally change the subject products or the dispensers of the products it distributes.

14.   Identify all documents that refer or relate to any attempt by Defendant to determine whether it would be technologically or commercially feasible to manufacture and sell the subject medications in dispensers that emit drops that are 15 μL or less.

**ANSWER:**

Sandoz objects to this request as exceeding the permissible discovery regarding class certification. All documents related to whether it would be technologically or commercially feasible to manufacture and sell the subject medications in dispensers that emit drops that are 15 μL or less at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton,* CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs'

16

claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Subject to and without waiving said objections, Sandoz states that it is not responsible for the manufacturing of the subject products or their dispensers.   Further, Sandoz states that as a distributor of generic products only, Sandoz has no authority to unilaterally change the subject products or the dispensers of the products it distributes.

15.     For each of the dispensers in which the subject medications were sold during the damage period, identify:

       a.     The manufacturer;

       b.     The place of manufacture;

       c.     The time period during which such entity was the manufacturer;

       d.     All specifications of the dispenser; and

       e.     The dimensions of the dispenser, including but not limited to, the dimensions of the outer diameter, inner diameter (orifice), and platform width of the dropper tip.

**ANSWER:**

Sandoz objects to this interrogatory as vague and ambiguous in that the interrogatory does not define "dispenser," and the term could refer either to the assembled container or to its component parts, which involve different manufacturers and sites. The interrogatory does not give Sandoz reasonable notice as to what it is requesting. *See Bruggeman*, 219 F.R.D. at 436.

17

Sandoz further objects to this interrogatory as exceeding the permissible discovery regarding class certification. Information regarding the dispensers (their manufacture and specifications) at best goes to the merits of the dispute and has no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz further objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent is seeks information regarding the entire packaging and not just the dispenser tip. *See, e.g., Coss v. Playtex Products, LLC*, 08 C 50222, 2009 WL 1455358, *4 (N.D. Ill. May 21, 2009).

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

18

Sandoz also objects to this interrogatory on the grounds that it seeks highly confidential, sensitive, proprietary, and trade secret information concerning Sandoz' products. *See Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Subject to and without waiving these objections, Sandoz refers Plaintiffs to documents pertaining to the Abbreviated New Drug Application process and related correspondence with the FDA for certain of the subject products that may contain information responsive to this request, which will be produced on a rolling basis once Plaintiffs identify the products distributed by Sandoz that Plaintiffs utilized and once an appropriate protective order has been entered with the Court.

16. Identify all persons known to Defendant who designed, took part in, or oversaw any and all tests or studies pertaining to drop size of the subject medications, including their role in each test or study and all documents related to such test or study.

**ANSWER:**

Sandoz objects to this interrogatory on the grounds that it is vague and ambiguous in that it does not define "tests or studies pertaining to drop size of the subject medications." *See Bruggeman*, 219 F.R.D. at 436.

Sandoz further objects to this interrogatory as outside the bounds of Federal Rule of Civil Procedure 26 because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it would require Sandoz to perform a global search for all studies or tests ever performed by any individual or entity regarding the drop sizes of any of the subject medications, whether or not Sandoz had anything to do with these studies or these studies related to a product manufactured or sold by Sandoz. *See, e.g., Coss*, 08 C 50222, 2009 WL 1455358, *4; *Thompson*, 05-1203-WEB, 2006 WL 1174040.

19

Sandoz construes this interrogatory as limited to tests or studies conducted or funded by Sandoz pertaining to the drop size of the subject medications.

Sandoz also objects to this interrogatory as exceeding the permissible discovery regarding class certification. The names of all individuals that participated in tests or studies pertaining to drop size of the subject medications at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Sandoz additionally objects to this interrogatory on the grounds that it seeks highly confidential, sensitive, proprietary, and trade secret information concerning Sandoz' research and development. *See Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

20

17.    Identify all persons known to Defendant who provided information for any of the studies cited in the most recent Complaint, and, for each person, identify the information provided, the study it was provided for, and any documents related to such provision of information.

**ANSWER:**

Sandoz objects to this interrogatory on the grounds that it is vague and ambiguous in that it does not define the term "studies" or the phrase "provided information for." Sandoz is left to "ponder and to speculate in order to decide what is and what is not responsive" in violation of the Federal Rules. *See Bruggeman*, 219 F.R.D. at 436.

Sandoz further objects to this interrogatory as exceeding the permissible discovery regarding class certification. The names of all the individuals that provided information for the publications referenced in the FAC at best go to the merits of the dispute and have no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18. Sandoz notes that the FAC references two books and twenty articles and construes "studies" to refer to these publications. Each of these publications lists the author or authors and includes reference to authorities and sources.

Sandoz also objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The studies cited in the FAC do not relate to all subject medications, do not address all of the factors that may contribute to drop size, and do not relate to Plaintiffs' claim of unfair practices against Sandoz and thus are outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

21

18.   For each of the publications listed in the Appendix to the most recent Complaint, state whether you provided funding, in whole or in part, for the study or publication.  If in the affirmative, please identify the following for each study:

      a.    The recipient of the funding;

      b.    The amount of funding each recipient was provided;

      c.    Any and all written agreement or contract with each recipient; and

      d.    All documents related to or referring to such funding.

**ANSWER:**

Sandoz objects to this interrogatory as exceeding the permissible discovery regarding class certification. Information regarding the publications referenced in the FAC at best goes to the merits of the dispute and has no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz also objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The studies cited in the FAC do not relate to all subject medications, do not address all of the factors that may contribute to drop size, and do not relate to Plaintiffs' claim of unfair practices against Sandoz and thus are outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

19.   For each subject medication, identify, by dollar amount and units sold, your sales volume by month and year in Illinois from November 2009 to present; Missouri from November 2007 to present; and the United States as a whole from November 2007 to present.  For any

22

medication that was sold in dispensers of different sizes, set forth the sales volume for each size separately.

**ANSWER:**

Sandoz objects to this interrogatory as exceeding the permissible discovery regarding class certification. Information regarding Sandoz' dollar amounts and units sole, if any, at best goes to the merits of the dispute and has no bearing on Plaintiffs' ability to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18; *Thompson*, 05-1203-WEB, 2006 WL 1174040, *3 (denying plaintiff's request for "all documents that display the amount of revenue that each service provided by all Jiffy Lube (company owned and franchise) locations produces each year during the relevant time period" because the plaintiff "failed to show that the requested revenue data is relevant to class certification. The fact that defendant generates revenue and income, in and of itself, proves nothing for purposes of class certification. In addition, the requests are overly broad and vague.").

Sandoz further objects to this interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding all prescription eye drop medications sold by Sandoz and is not limited to those medications referenced in the FAC, nor is it limited to those medications allegedly bought and used by Plaintiffs. Plaintiffs have filed this lawsuit based on allegations that they suffer from chronic diseases and conditions, including glaucoma, allergies, and infections, that required the ongoing use of certain prescription eye medications. The sole basis of Plaintiffs' claims is the allegation that if the medications they used dispensed smaller drops, their medications would last longer and they would have saved money. Only medications actually

23

bought and used by Plaintiffs are relevant to this litigation. Information regarding medications not actually used by Plaintiffs is outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Sandoz further objects to this interrogatory on the grounds that seeks irrelevant highly confidential, sensitive, proprietary, and trade secret information. *See Barton*, 2013 WL 1338235.

Sandoz further objects to this interrogatory as outside the bounds of Federal Rule of Civil Procedure 26 because it is unduly burdensome. *See, e.g., Rowe v. Finnan*, 1:11-CV-00524-JMS, 2013 WL 2423800, *3 (S.D. Ind. June 4, 2013) (denying the plaintiff's discovery request because "no central repository of the requested information" existed and the information was not organized in such a way as to allow it to be gathered or collated without extensive burden and expense).

20.     With respect to the study *Reformulation and Drop Size of Apraclonidine Hydrochloride* authored by Mark J. Vocci, et al. (113 Am. J. Ophthalmology 154-160 (1992)), identify the following:

   a.     Any contracts with any or all of the authors regarding to this study;

   b.     All persons with knowledge of the study protocol or design;

   c.     All documents referring or relating to the study protocol or design;

   d.     Whether there was a written study protocol or design and, if so, identify all documents containing all or part of the study protocol or design;

   e.     The manufacturer(s) of the eye drop dispensers used in the study;

   f.     The size of drops emitted from each dispenser used in the study;

   g.     The specifications and dimensions of each eye drop dispenser described in subparagraphs (e) and (f), including but not limited to the dimensions of

24

the outer diameter, inner diameter (orifice), and platform width of the eye dropper tip;

h.     All prior drafts of the study;

i.     All correspondence with, between, or among the study's authors regarding the study; and

j.     All documents regarding the cost of the study.

**ANSWER:**

Sandoz objects to this interrogatory as exceeding the permissible discovery regarding class certification. Information regarding Sandoz' connection, if any, to an article published over twenty years ago regarding the efficacy of a particular drug at best goes to the merits of the dispute and has no bearing on Plaintiffs' efforts to obtain class certification or the factors relevant to class certification. *See, e.g., Barton*, CIV.A. 10-3657 PGS, 2013 WL 1338235, *18.

Sandoz further objects to this interrogatory as outside the bounds of Federal Rule of Civil Procedure 26 because it is not reasonably calculated to lead to the discovery of admissible. Sandoz further objects to this interrogatory in that it seeks information in the care, custody, or control of another party.

Sandoz also objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The studies cited in the FAC do not address all of the factors that may contribute to drop size and do not relate to Plaintiffs' claim of unfair practices against Sandoz and thus are outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(2).

Dated this 2nd day of July, 2013.

25

Lori G. Cohen
Greenberg Traurig, LLP
3333 Piedmont Rd., NE, Ste. 2500
Atlanta, GA, 30305
cohenl@gtlaw.com

and

Franics Citera, Esq.
Gregory Ostfeld, Esq.
Greenberg Traurig, LLP
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
ostfeldg@gtlaw.com
citeraf@gtlaw.com

***Attorneys for Alcon Laboratories, Inc.; Alcon
Research, Ltd.; Falcon Pharmaceuticals, Ltd; and
Sandoz Inc.***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| CHARLENE EIKE, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLERGAN, INC., et al.,<br><br>Defendants. | Cause No. 3:12-cv-01141-DRH-DGW |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Defendant Sandoz Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories by depositing a true and correct copy of same in the U.S. Mail with proper postage affixed thereto and addressed as follows:

| | |
|---|---|
| John G. Simon, Esq.<br>Stephanie H. To, Esq.<br>The Simon Law Firm, P.C.<br>800 Market Street<br>Suite 1700<br>St. Louis, MO 63101<br>jsimon@simonlawpc.com<br>sto@simonlawpc.com<br>and<br><br>Richard S. Cornfeld, Esq.<br>Law Office of Richard S. Cornfeld<br>1010 Market Street<br>Suite 1605<br>St. Louis, MO 63101<br>rcornfeld@cornfeldlegal.com<br>*Attorneys for Plaintiffs* | Troy Bozarth<br>HeplerBroom LLC<br>130 N. Main Street<br>Edwardsville, IL 62025<br>troy.bozarth@heplerbroom.com<br><br>and<br><br>James P. Muehlberger & Douglas Maddock, Jr.<br>Shook, Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>jmuehlberger@shb.com<br>dmaddock@shb.com<br>*Attorneys for Allergan, Inc.; Allergan USA, Inc.; Allergan Sales, LLC; and Bausch & Lomb Inc.* |

*ATL 19229043v8*

| Martin Roth, Esq.<br>Kirkland & Ellis LLP<br>300 N. LaSalle<br>Chicago, IL 60654<br><br>and<br><br>Robyn Bladow, Esq.<br>Shaun Paisley, Esq.<br>Kirkland & Ellis LLP<br>333 S. Hope Street<br>Los Angeles, CA 90071<br>rbladow@kirkland.com<br>spaisley@kirkland.com<br>**Attorneys for Pfizer, Inc** | Steven Strauss, Esq.<br>Christopher Schmidt, Esq.<br>Bryan Cave LLP<br>211 N. Broadway, Ste. 3600<br>St. Louis, MO 63102<br>sgstrauss@bryancave.com<br>cjschmidt@bryancave.com<br>**Attorneys for Merck & Co., Inc; Merck, Sharp & Dohme Corp.; and Prasco LLC** |

Dated this **22nd** day of July, 2013.

*Lori G. Cohen*

Lori G. Cohen, Esq.

28

**Sandoz -- Response to Interrogatory No. 8**

| Product Name | Bottle Size(s) |
|---|---|
| Apraclonidine | 5 mL<br>10 mL |
| Betaxolol | 5 mL<br>10 mL<br>15 mL |
| Brimonidine Tartrate | 5 mL<br>10 mL<br>15 mL |

**Sandoz -- Response to Interrogatory No. 8**

| Carteolol | 5 mL<br>10 mL<br>15 mL |
|---|---|
| Ciprofloxacin | 2.5 mL<br>5 mL<br>10 mL |
| Dorzolamide | 10 mL |

**Sandoz -- Response to Interrogatory No. 8**

| | |
|---|---|
| Dorzolamide/Timolol | 10 mL |
| Latanoprost | 2.5 mL |
| Levobunolol | 5 mL<br>10 mL<br>15 mL |

**Sandoz -- Response to Interrogatory No. 8**

| | |
|---|---|
| Metipranolol | 5 mL<br>10 mL |
| Pilocarpine | 15 mL |
| Prednisolone Acetate | 5 mL<br>10 mL<br>15 mL |

**Sandoz -- Response to Interrogatory No. 8**

| | |
|---|---|
| Timolol [Maleate] | 5 mL<br>10 mL<br>15 mL |
| Timolol GFS | 5 mL |
| Tobramycin/Dexamethasone | 2.5 mL<br>5 mL<br>10 mL |

**Sandoz -- Response to Interrogatory No. 8**

| | |
|---|---|
| Trifluridine | 7.5 mL |