

March 25, 2016

**VIA ELECTRONIC FILING**

Clerk of the Court
United States District Court for the Southern District of Illinois
750 Missouri Avenue
East St. Louis, Illinois 62201

Re:  *Eike, et al. v. Allergan, Inc., et al.*, **Case No. 3:12-cv-01141-DRH-DGW Plaintiffs'
      Supplemental Letter Brief**

Dear Clerk:

In support of their Motion for Class Certification, Doc. 175, Plaintiffs bring to the Court's attention *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, slip op. (U.S. Mar. 22, 2016) (Ex. B).

In *Tyson*, the Supreme Court ruled that a class had been properly certified based on an expert's determination, using representative samples, of the average uncompensated worktime among class members, despite individual differences – similar to the individual differences in drop sizes that Defendants contend should bar certification based on averages calculated by Dr. Kriegler.

*Tyson* recognized that evidence based on a representative sample may be the only practical way to present relevant data and that its permissibility "turns … on the degree to which the evidence is reliable in proving or disproving the elements of the relevant cause of action." *Tyson* at 10. Here, this Court has already found that Dr. Kriegler's study is reliable under the *Daubert* standard. Memorandum and Order, 9/14/2015, Doc. 226, at 3-6. *Tyson* is therefore controlling, and Dr. Kriegler's study supports class certification.

The Supreme Court also ruled that averages can establish *classwide* liability if any *individual* plaintiff could rely upon them. *Tyson* at 11. That is true here, too. Plaintiffs pointed out in support of class certification that individual plaintiffs would use the same averages to prove their drop sizes. Brief in Support of Motion for Class Certification, Doc. 176, at 31-32. That is now allowable under the *Daubert* order regarding Dr. Kriegler's calculations. Under *Tyson*, the averages can therefore apply to the class.

*Tyson* went on to rule that although the defendant contended that the expert's study was unrepresentative, "[t]hat defense is itself common to the claims made by all class members."

**Exhibit A**

March 25, 2016
Page 2

*Tyson* at 12. Plaintiffs made that point in response to Defendants' contention that drop size tests do not represent patient use; as in *Tyson*, that contention presents a common issue. *See* Doc. 176 at 33.

Finally, *Tyson* ruled that whether the average applies to each class member presents a jury question. Tyson at 15. That is also true here in light of the Court's ruling that Dr. Kriegler's testimony is admissible.

Sincerely,

LAW OFFICE OF RICHARD S. CORNFELD


*/s/ Richard S. Cornfeld*
Richard S. Cornfeld

cc:     All Counsel of Record (via electronic filing)