# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California  90071

| | | |
|---|---|---|
| Robyn E. Bladow<br>To Call Writer Directly:<br>(213) 680-8634<br>robyn.bladow@kirkland.com | (213) 680-8400<br><br>www.kirkland.com | Facsimile:<br>(213) 680-8500 |

May 2, 2016

Hon. Staci M. Yandle
c/o Justine Flanagan, Clerk of Court
United States District Court
for the Southern District of Illinois

      Re:    *Eike, et al. v. Allergan, Inc., et al.*, Case No. 3:12-cv-01141-DRH-DGW

Dear Judge Yandle:

      Plaintiffs try to divert this Court's attention from the on-point *Cottrell* decision by attaching a motion-to-dismiss hearing transcript from *Gustavsen v. Alcon Laboratories, Inc.*, No. 1:14-cv-11961 (D. Mass.), and contending that "the ground upon which *Gustavsen* distinguished *Cottrell* applies here because the Massachusetts statute is substantively the same as the statutes on which Plaintiffs rely." Doc. 269 at 2 (internal citations omitted).

      But *Cottrell*'s ruling that the plaintiffs lacked Article III standing is a matter of federal law, not state law.  The *Cottrell* plaintiffs, like Plaintiffs here, based their injury theory on the unsupported assumption "that if Defendants replace their bottles with smaller tips, medications would somehow cost less."  Doc. 270 at 1.  But any "overpayment" theory of Article III harm has only been accepted in cases where, unlike here, plaintiffs allege some misrepresentation related to the purchase.  Moreover, *Gustavsen* focused on standing under Mass. Gen. Laws 93A.  It should have recognized that under *federal* law, such conjecture does not confer standing.  *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013) ("[S]tanding in federal court is a question of federal law, not state law.").

      This Court has never addressed this Article III issue, let alone "rejected" it as Plaintiffs argue.  Doc. 269 at 1.  Neither this Court's Rule 12(b)(6) Order nor its *Daubert* Order analyzed whether the "injury" Plaintiffs allege in their Complaint and argue in their class certification motion is sufficient to confer Article III standing.  Doc. 147; Doc. 226 at 3-6.

      It is not too late to address this issue.  Fed. R. Civ. P. 12(h)(3) (duty to evaluate subject matter jurisdiction is continuing); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Plaintiffs received the safe and effective medications they were promised.  Hypothetical products and prices are insufficient to confer standing in an Article III court, and are certainly not an acceptable foundation for a classwide damages model.  Doc. 186 at 25-32; *see also Turetsky v.*

KIRKLAND & ELLIS LLP

May 2, 2016
Page 2

*American Drug Stores*, 2016 WL 1463773 (N.D. Ill. Apr. 14, 2016) (no Article III standing in ICFA class action because plaintiffs got what they paid for—safe and effective medication).

        Respectfully submitted,

        /s/ Robyn E. Bladow
        Robyn E. Bladow
        Austin Norris
        KIRKLAND & ELLIS LLP
        333 South Hope Street
        Los Angeles, CA  90071
        Telephone:     (213) 680-8400
        Facsimile:      (213) 680-8500

        *Counsel for Pfizer Inc.*

Cc:  All counsel of record (by ECF)